UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

    Plaintiff,                                   23-cr-20332

v.                                             Paul D. Borman

                                               United States District Judge

KEVIN SMITH,

    Defendant.                       /

**ORDER DENYING DEFENDANT KEVIN SMITH'S MOTION TO SUPPRESS EVIDENCE AFTER A HEARING ON OCTOBER 23, 2023**

On Monday, October 23, 2023, the court held a hearing on Defendant's Motion to Suppress Evidence Seized in Violation of Defendant's Fourth Amendment Rights (ECF No. 20), which requested an evidentiary hearing.

On October 6, 2023, the Government filed a Response in Opposition asserting that because the search was pursuant to a state search warrant based on probable cause, the issue before the Court was a question of law as to the validity of the state warrant, and thus an evidentiary hearing would not be helpful in this case, because the only question is whether officers had the authority to seize and search Defendant Smith, his truck and his house. (ECF No. 23, at PageID.96-97.)

Defendant did not file a Reply.

On October 23, 2023, the date of the hearing, both parties agreed to dispense with an evidentiary hearing and proceed to argue based on the briefs.

1

The Government's brief attached the Search Warrant Affidavit of Livonia Police Officer Sam Tamer and attached the state judiciary approved his requested search warrant.

At the hearing, the parties informed the Court that neither wanted to proceed with an evidentiary hearing and instead would proceed to argue the Motion to Suppress based on their briefs.

The Court, having read the search warrant discussed at the hearing, credits the factual information in the search warrant and Officer Tamer's affidavit, that confirmed what he received from a confidential informant (CI) who had, on two occasions, accomplished agent-supervised buys of Fentanyl from the Defendant within March and April 2023. (*Id*. at PageID.107.)

The Court finds that the officers had requested/received a valid state warrant to stop, arrest and search the Defendant, the black Ford F-150, and the residence at 681 Walnut Street in the City of Westland.

The Court finds, as it noted at the hearing, that the search warrant was issued based on a thorough fact-specific affidavit supporting the search of the residence at 681 Walnut Avenue, City of Westland, the person of Kevin Smith, and his 2018 Ford F-150 truck. The Court adopts these facts in issuing this ruling. The Court also finds that the seizure of drugs, financial records, applications, firearms, computers, and records on him, and in his truck and his residence, as requested in

the search warrant was lawful. The Court also adopts those facts in issuing this ruling.

A valid warrant supported by probable cause makes a search reasonable. *Camara v. Municipal Court of San Francisco*, 387 U.S. 528-529 (1967). The agents also had probable cause to search the house based on the search warrant.

That Defendant was searched and seized pursuant to a valid search/arrest warrant defeats his argument that he was seized without reasonable suspicion or probable cause of a crime being underfoot. *See*, *Terry v. Ohio*, 88 Sup. Ct. 1868 (1968). (*Id*. at PageID.93.) Tellingly, Defendant has not challenged the search warrant.

The Court adopts in its finding that the officers had a valid search and arrest warrant, and lawfully stopped, arrested, and searched Defendant Smith and then searched the truck and house.

Finally, the Court concludes that even if one were to find improper the search and seizure based on the search warrant, the evidence should not be suppressed because the officers relied on the search warrant's validity in good faith pursuant to *United States v. Leon*, 468 U.S. 897, 905 (1984).

SO ORDERED.

Dated:  October 23, 2023                              s/Paul D. Borman
                                                      Paul D. Borman
                                                      United States District Judge